UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIANNE BRYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-531 |
| | ) |
| SECURITAS CRITICAL | ) |
| INFRASTRUCTURE SERVICES, INC. | ) |
| and ELI LILLY AND COMPANY, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Julianne Bryan ("Bryan"), brings this action against Defendants, Securitas Critical Infrastructure Services, Inc. ("SCIS") and Eli Lilly and Company ("Defendants"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2. Bryan has resided within the Southern District of Indiana at all relevant times.

3. Defendants are corporations doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Bryan is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendants are each an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Bryan satisfied her obligations to exhaust her administrative remedies, having

timely filed charges of discrimination with the Equal Employment Opportunity Commission. The EEOC issued right-to-sue notices to Bryan. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Bryan is female.

10. Defendant SCIS hired Bryan to work as a firefighter at Respondent Eli Lilly and Company on or about December 18, 2018.

11. At the time of her hire and for about 2 years thereafter Bryan was the only female SCIS employed as a firefighter at Eli Lilly.

12. Bryan's work performance met and/or exceeded the Defendents' legitimate expectations at all relevant times.

13. In 2019, Bryan's co-employee Shawn Nelson harassed CP because of her sex by belittling her and yelling at her in front of other employees.

14. Bryan filed a complaint of harassment based on her sex with Eli Lilly through its website and to her supervisor, Patrick Horn, and Human Resources for SCIS.

15. On December 23, 2019 she requested a shift change in order not to have to work with Nelson or be subject to retaliation due to her complaint against him.

16. Horn did not transfer her until February 2020.

17. On about July 11, 2021, Bryan submitted a request for time off on August 24 and 30 to her immediate supervisor Larry Parka.

18. Over a month later, Parka denied the request, claiming that Bryan should have submitted 2 separate requests for the two days.

19. Bryan was treated less favorably than males in getting time off requests approved.

20. Bryan complained to Respondents about Parka's denial of her time off request.

21. On or about July 22, 2021, Bryan was testing sprinklers and could not find one. She talked to a Captain who told her to sign off on the test and indicate she would return by July 31 to complete the tests, which she did.

22. In or about mid-August, 2021, Eli Lilly's representative Captain Sean Selby approached Bryan and told her that he had heard that she had turned down an offer to work a hazmat job in building 360, telling her "you need to take that job." Bryan responded that she did not yet know what the job paid.

23. Thereafter, Captain Selby made a complaint to Eli Lilly's HR Department that Bryan had falsified documentation when she signed off on the sprinkler test on or about July 22, 2021.

24. Bryan did not falsify documentation, but noted her progress as directed by another Captain, and returned and completed the test by July 31.

25. On September 2, 2021, Defendants terminated Bryan's employment, purportedly for falsifying documentation.

26. Defendants have accorded more favorable employment terms and conditions to similarly-situated male employees and employees who did not complain of discrimination, harassment or retaliation.

27. Defendants have taken adverse employment actions against Bryan because of her gender/sex and/or statutorily-protected activities.

28. All reasons proffered by Defendants for adverse actions it has taken regarding

Bryan's employment are pretextual.

29. Bryan has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I
## SEX HARASSMENT – TITLE VII

30. Bryan hereby incorporates paragraphs 1-29 of her Complaint.

31. Defendants subjected Bryan to harassment based on her sex and a sexually-hostile work environment.

32. Defendants took no legitimate actions to remedy the hostile work environment.

33. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Bryan's rights as protected by Title VII.

## COUNT II
## SEX DISCRIMINATION – TITLE VII

34. Bryan hereby incorporates paragraphs 1-33 of her Complaint.

35. Defendants have taken adverse employment actions against Bryan because of her gender/sex.

36. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Bryan's rights as protected by Title VII.

## COUNT III
## RETALIATION – TITLE VII

37. Bryan hereby incorporates paragraphs 1-36 of her Complaint.

38. Bryan engaged in statutorily-protected activities.

39. Defendants took adverse employment actions against Bryan because of her statutorily-protected conduct.

40. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Bryan's rights as protected by Title VII.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Julianne Bryan, by counsel, respectfully requests that this Court find for her and order that:

1. Defendants be enjoined from continuing to violate Bryan's rights as protected by Title VII;

2. Defendants pay compensatory and punitive damages to Bryan;

3. Defendants pay pre- and post-judgment interest to Bryan;

4. Defendants pay Bryan's attorneys' fees and costs incurred in litigating this action; and

5. Defendants pay to Bryan any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Paul A. Logan, Attorney No.17661-02
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: plogan@jhaskinlaw.com
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, Julianne Bryan, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Paul A. Logan, Attorney No.17661-02
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:           jhaskin@jhaskinlaw.com
Email:           plogan@jhaskinlaw.com
Attorneys for Plaintiff